COURT DEGRAW THEATRE, INC., Plaintiff,

v.

LOEW'S INC., Paramount Pictures Corporation, Twentieth Century-Fox Film Corporation, RKO Radio Pictures, Inc., Columbia Pictures Corporation, Universal Pictures Company, Inc., and United Artists Corporation, Defendants.

Civ. No. 12921.

United States District Court
E. D. New York.
Feb. 19, 1959.

See, also, D.C., 22 F.R.D. 264.

Sperry, Weinberg & Ruskay, New York City, for plaintiff, Joseph A. Ruskay, New York City, of counsel.

Louis Phillips, New York City, for defendant, Paramount Pictures Corp., E. Compton Timberlake, Bernard E. Kalman, Marvin Ginsky, New York City, of counsel.

BRUCHHAUSEN, District Judge.

Plaintiff brought this action for treble damages pursuant to the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1 to 7, inclusive, and the Clayton Act, 15 U.S.C.A. §§ 12 to 27, inclusive, alleging acts of conspiracy in restraint and monopolization of the distribution, licensing and exhibition of motion pictures. Defendant Paramount Pictures Corporation now brings this motion pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss all claims asserted against it which accrued prior to September 22, 1946, alleging that the six year statute of limitations as to it expired on that date.

Plaintiff alleges that 15 U.S.C.A. § 16 provides for the tolling of the statute of limitations during a suit brought by the Government against the defendant in a civil anti-trust suit; that such a Government suit was brought against Paramount Pictures, Inc. and was pending from July 1938 until March 1949; that since Paramount Pictures Corporation was the successor and alter ego of Paramount Pictures, Inc. that the statute of limitations was tolled at least until March 1949 and that therefore defend-

**200**

ant's motion should be denied. In the alternative, plaintiff moves for an order compelling defendant Paramount to answer certain interrogatories before an adjudication of defendant's motion.

The facts are undisputed. Paramount Pictures, Inc. was a holding company engaged in the production, distribution and exhibition of motion pictures, including the ownership and operation of theatres directly and through subsidiaries. One of its wholly-owned subsidiaries was Paramount Film Distributing Corporation which licensed and distributed films.

The Government brought suit against Paramount Pictures Inc., U.S.D.C.S.D. N.Y., 85 F.Supp. 881, and that suit was pending from July 1938 until March 1949. Pursuant to the decree entered therein Paramount Pictures, Inc. was dissolved and its theatre and exhibition assets were transferred to Paramount Pictures Corporation. One of the assets so transferred was Paramount Film Distributing Corporation which became a wholly-owned subsidiary of Paramount Pictures Corporation. Paramount Pictures Corporation was formed in late 1949 and commenced doing business on January 1, 1950.

The tolling provision of 15 U.S.C.A. § 16 provides as follows:

"Whenever any suit or proceeding in equity or criminal prosecution is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, the running of the statute of limitations in respect of each and every private right of action arising under said laws and based in whole or in part on any matter complained of in said suit or proceeding shall be suspended during the pendency thereof."

Plaintiff alleges that Paramount Film Distributing Corporation is an alter ego of Paramount Pictures Corporation, is completely controlled and dominated by it and is a mere agent or department of Paramount Pictures Corporation. This, plaintiff alleges, tolls the statute of limitations as to Paramount Pictures Corporation, pursuant to 15 U.S.C.A. § 16.

The tolling provisions of the statute apply only to named parties in the Government suit and the statute of limitations is not tolled as to unnamed subsidiaries of a named parent corporation. Sun Theatre Corp. v. RKO Radio Pictures, 7 Cir., 213 F.2d 284; Leonia Amusement Corp. v. Loew's Inc., D.C., 117 F.Supp. 747; Christensen v. Paramount Pictures, Inc., D.C., 95 F.Supp. 446; Electric Theatre Co. v. Twentieth Century-Fox Film Corp., D.C., 113 F. Supp. 937. Since Paramount Pictures Corporation was not a named defendant in United States v. Paramount Pictures, Inc., 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260, and was not even in existence until after the decree in that case was issued, the statute does not toll as to it.

Plaintiff cites no authority to maintain its position that unnamed subsidiaries, agents or successor corporations are subject to the tolling statute, therefore the answers to the interrogatories propounded by plaintiff are immaterial to this motion.

The motion of the defendant, Paramount Pictures Corporation is granted. The plaintiff's cross motion is denied.